NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-035-HRW

RUDY STANKO                                                                                         PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

FEDERAL BUREAU OF PRISONS                                                      DEFENDANT

\*\* \*\* \*\* \*\* \*\*

Rudy Stanko, an individual currently incarcerated at the Federal Correctional Institution, in El Reno, Oklahoma, has submitted a prisoner *pro se* civil rights Complaint pursuant to 28 U.S.C. § 1331, together with a Motion to Proceed *in forma pauperis*.

Plaintiff's Motion having been granted by separate Order, the Complaint is before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In screening, as with all submissions by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in this Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff alleges that staff and supervisory directors of the Federal Bureau of Prisons ("BOP") have violated his rights under (1) the Settlement Agreement in *Washington v. Reno*, Lexington Civil Action Nos. 93-217 & 93-290; (2) the First and Fifth Amendments of the U.S. Constitution; and (3) Title 18 of the United States Code, Sections 4 and 241-42.

## RELIEF REQUESTED

Plaintiff seeks injunctive relief.

## ALLEGATIONS

Stanko has submitted a self-styled Complaint to which he has attached documents generated at a number of different BOP facilities. The following is a summary of the allegations therein. Record No. 2.

Plaintiff's first complaint is that he has not been permitted to use his "'Collect Calling Option' of 120 minutes per month," a claim which he evidently initiated in a BOP prison in Colorado and pursued in another in Minnesota. He has alleged that he has an entitlement to this amount of time to talk on the telephone under the Settlement Agreement obtained in this Court, in *Washington v. Reno*, Lexington Civil Action Nos. 93-217 & 93-290. Further, when Plaintiff purportedly complained to the BOP that it was thereby breaching the agreement, *via* Administrative Remedy 460492, in the Spring of 2007, he was retaliated against, being placed "in the hole."

Plaintiff's attachments going to these allegations and the administrative proceedings consist of letters and administrative remedy documents complaining of his failure to have his 120 minutes of telephone time, as exchanged in Remedy No. 460492. They do not, however, show that he completed the administrative process, nor does Stanko allege exhaustion of that Remedy Number. In fact, one of his exhibits reveals that he did not. The last submission in Remedy No. 460492

shows that he did not exhaust, as the BOP's Central Office returned his claim, informing him that he had not followed the proper procedure at the institutional level.

Plaintiff's second set of allegations concern a prison disciplinary proceeding conducted in the Spring of 2008. His attachments show that he appealed the convictions obtained in that proceeding, on due process grounds, in Administrative Remedy No. 490600, to exhaustion. However, he was not successful in disturbing the convictions, and so he has brought this action for expungement.

Stanko asks this Court to (1) order the BOP to comply with the *Washington v. Reno* Settlement Agreement and restore his telephone rights; and (2) expunge the disciplinary convictions.

## DISCUSSION

By filing in this Court, the Plaintiff apparently contends this Court has jurisdiction over his *Washington v. Reno*-based claims. However, the *Washington v. Reno* litigation ended in this Court in 1995 with a settlement agreement. By the terms of that agreement, the Bureau of Prisons was bound only until February 23, 2002.[1] Thus, the Plaintiff's claim is filed out of time and he has failed to state a claim pursuant to the settlement agreement in *Washington v. Reno*.[2]

---

[1] The new restrictions, implemented April 2, 2001, limited all Federal Bureau of Prison inmates to 300 minutes per calendar month for collect-call and/or dial-direct telephone calls. Pursuant to Section XII. "EFFECTIVE DATE AND TERM OF SETTLEMENT AGREEMENT" (of 1995) at subsection B. ". . . this Settlement Agreement, and the obligations of the Bureau of Prisons set forth herein, shall remain in effect for four years from the date of the award of the New Telephone Contract (the "Settlement Period").

[2] Pursuant to the *Washington v. Reno* settlement agreement approved on November 3, 1995, at section "XIV. ENFORCEMENT OF THE SETTLEMENT AGREEMENT" at subsection "F" :
> Any action by any member of the plaintiff class to enforce any term of this Settlement Agreement may be filed only in the United States District Court for the Eastern District of Kentucky subject to the procedures set forth in this Section XIV., and nothing in this Settlement Agreement shall be construed to provide jurisdiction over this Settlement Agreement in any other court or administrative body. Actions to enforce any term of this Settlement Agreement should be submitted, along with an appropriate filing fee or application to proceed *in forma pauperis* (*i.e.*, without a filing fee), to:
>> United States District Court for the Eastern District
>> Of Kentucky, Lexington Division

Nor does this Court have jurisdiction to litigate Plaintiff's claims under the federal criminal statutes which he references, 18 U.S.C. §§ 4, 241-42. To the extent that the Court can construe that he means to assert claims based on these statutes, he is informed that statutes establishing criminal liability for certain deprivations of civil rights do not give rise to a civil cause of action. *See Booth v. Henson*, 2008 WL 4093498 at *1 (6th Cir. 2008) (unpublished) (citing *United States v. Oguaju*, 76 F.App'x 579, 581 (6th Cir. 2003) (affirming dismissal of purported Section 241 and 242 claims because the plaintiff "had no private right of action under either of those criminal statutes.")) Therefore, the statutory claims must also be dismissed.

With regard to Plaintiff's constitutionally-based claims, *i.e.*, his assertions that his First and Fifth Amendment rights were violated, they would ordinarily be cognizable under federal question jurisdiction, 28 U.S.C. § 1331. But they, too, suffer deficiencies fatal to their survival. With regard to relief from the disciplinary conviction, whereby he lost good conduct time credits, Plaintiff must first proceed in a habeas action under 28 U.S.C. § 2241. *See Heck v Humphrey*, 512 U.S. 477, 487 (1994).

In such an action, the United States Code specifically requires that an application for habeas relief shall name the person who has custody over the petitioner. 28 U.S.C. § 2242. Likewise, 28 U.S.C. § 2243 provides that the writ or order to show cause is to be directed "to the person having custody of the person detained." The warden of the facility at which the Petitioner is currently serving his sentence is the petitioner's custodian within the meaning of 28 U.S.C. §§ 2241-2243 and is the appropriate respondent to a writ of habeas corpus. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

c/o the Clerk of the Court
U.S. Courthouse
P.O. Box 3074
Lexington, Kentucky 40596-3074

Therefore, the warden at the El Reno Federal Correctional Institution is the proper custodian, and the District Court in Oklahoma where Stanko's current warden is located, is the proper location to seek Section 2241 habeas relief.

Further, the United States District Court for the District of Eastern Kentucky is also the wrong venue for the adjudication of Stanko's First Amendment claims, brought pursuant to 28 U.S.C. 1331. Again, he has simply filed in the wrong place. Stanko has filed the instant civil rights Complaint in a judicial district where neither he nor any named Defendant resides nor where a substantial part of the alleged events occurred. *See* 28 U.S.C. §1391(e).

Where a civil rights case is filed in the wrong venue, the District Court may dismiss it or transfer it to the proper federal court. 28 U.S.C. § 1404(a) provides in pertinent part that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Another statute, 28 U.S.C. § 1406(a), provides that when venue is improper, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id*.

The ultimate finding for either transfer provision is whether it is in "the interest of justice" to transfer the case or to dismiss it. In this case, the Court finds that it is not in the interest of justice to transfer the purported Constitutional claims, because the Plaintiff has failed to state either a First or Fifth Amendment claim. As to the First Amendment claim, Stanko's Complaint presents no allegations of who did what and when and how much and how he was damaged by the restrictions on his telephone privileges. Also, since he did not properly exhaust the administrative process, the attachments to his Complaint cannot reveal the facts either.

Even if Stanko's habeas proceeding had pre-dated the filing of this lawsuit and been successful, this Fifth Amendment claim herein would require dismissal nonetheless. Again, the Plaintiff fails to give any factual support for what was wrong with the proceeding, *i.e.*, what process was he due which, he claims, was denied him?

When a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient in a civil rights action. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

The pleadings in this case have not set forth the factual basis of the constitutional claims in a manner that gives any named defendant proper notice and does not require either the defendants or this court to "conjure up unpled allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

As a result of the above-stated analysis, the Court finds that the instant Plaintiff has failed to state a Constitutional claim and it is not in the interest of justice to transfer such claims to another District Court. Rather, the Court will dismiss these claims, as well. The Constitutional claims, however, will be dismissed without prejudice to Plaintiff's bringing them at a later date in another

-6-

Court upon proper factual allegations.

Court upon proper factual allegations.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(1) Stanko's claims herein brought pursuant to the settlement agreement in *Washington v. Reno* and those brought pursuant to 18 U.S.C. §§ 4 and 241-42, are **DISMISSED WITH PREJUDICE**.

(2) Plaintiff's asserted First and Fifth Amendment claims are **DISMISSED WITHOUT PREJUDICE**.

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendant.

This April 20, 2009.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge